UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **DAXTRELL D. ROBINSON,** )<br>)<br>Petitioner, )<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | Case No. 06-CV-2101 |

## OPINION

On May 22, 2006, Petitioner, Daxtrell D. Robinson, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) and a supporting Memorandum of Law (#2). In his Motion, Petitioner claimed that the Government breached the plea agreement and his counsel provided ineffective assistance. Both of these claims are based upon Petitioner's assertion that the Government failed to file a motion for downward departure from the mandatory minimum sentence based upon the substantial assistance Petitioner provided.

On June 15, 2006, the Government filed its Response to Petitioner's Motion (#4). The Government argued that Petitioner's Motion should be dismissed because Petitioner waived his right to pursue such relief during his plea of guilty. The Government also argued, in the alternative, that Petitioner's claim that the Government breached the plea agreement is procedurally defaulted because he failed to present this claim for direct appellate review and that Petitioner's various claims fail on the merits.

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Government that Petitioner waived his right to pursue relief under 28 U.S.C. § 2255. Therefore, Petitioner's Motion to Vacate,

Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed. This court therefore does not need to consider the Government's alternative arguments.

FACTS

On November 4, 2004, in Case No. 04-CR-20063, Petitioner was charged by indictment with one count of possession of 50 grams or more of cocaine base ("crack") with the intent to distribute it. Petitioner qualified for court appointed counsel, and the federal defender's office was appointed to represent him. On November 15, 2004, retained counsel, Baku Patel, appeared on behalf of Petitioner and the federal defender's office was allowed to withdraw as counsel.

On November 22, 2004, the Government filed a Notice Concerning Prior Convictions which listed Petitioner's two prior felony drug convictions. Based upon these prior convictions, Petitioner faced a sentence of mandatory life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).

On January 21, 2005, Petitioner pled guilty to the charge against him pursuant to a written plea agreement. In the written plea agreement, the Government provided Petitioner the opportunity to cooperate with the Government and potentially receive a downward departure from the sentencing guideline range and from the statutory mandatory minimum sentence for substantial assistance. The written plea agreement specifically provided that the Government reserved the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure if Petitioner provided substantial assistance in the investigation or prosecution of other criminal offenses. In exchange for this and other concessions, Petitioner waived his right to appeal and his right to collaterally attack his sentence. The plea agreement stated, in pertinent part:

> 27. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received

2

ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide substantial assistance to induce a motion for a downward departure as set forth above, <u>the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely</u>

> waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction. (Emphasis added.)
>
> ACKNOWLEDGEMENT OF VOLUNTARINESS OF WAIVER
>
> 28.   The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else.   The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement.  (Emphasis in original.)

Following the guilty plea hearing, this court accepted Petitioner's plea of guilty.

On January 26, 2005, Petitioner filed a pro se Motion for Discovery and a pro se motion alleging his retained counsel, Baku Patel, was ineffective. This court set a hearing for February 18, 2005, regarding the pro se motions. On February 7, 2005, Attorney Patel filed a Motion to Withdraw as Attorney. On February 18, 2005, the probation office filed a petition to revoke Petitioner's bond for an alleged violation of his conditions of release. At the hearing on February 18, this court allowed Attorney Patel to withdraw as counsel and appointed Robert Alvarado of the federal defender's office to represent Petitioner. This court then denied Petitioner's Motion for Discovery and found moot Petitioner's Motion alleging the ineffective assistance of counsel. Petitioner was taken into temporary custody and a detention hearing was set. Petitioner ultimately agreed to surrender on his bond.

A sentencing hearing was held on May 25, 2005. The Government moved to strike the first

prior felony conviction listed in its Notice Concerning Prior Convictions. The Government stated in its Response to Petitioner's Motion Pursuant to § 2255 (#4) that it took this extraordinary step even though Petitioner had failed to substantially assist the Government and violated his cooperation agreement with the Government by filing frivolous motions and by violating the conditions of his bond. The Government's action lowered Petitioner's mandatory minimum sentence from life imprisonment to a term of 20 years of imprisonment. At sentencing, both Petitioner and the Government recommended a sentence of 240 months, which was the sentence imposed by this court. Judgment of conviction was entered on May 31, 2005. Petitioner did not file a Notice of Appeal.

ANALYSIS

As previously noted, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) on May 22, 2006, and the Government filed its Response (#4) on June 15, 2006. This court agrees with the Government that Petitioner has waived his right to pursue relief under 28 U.S.C. § 2255. Accordingly, this court further agrees that Petitioner's Motion must be dismissed.

The Seventh Circuit has recently noted that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005), cert denied, 126 S. Ct. 1021 (2006); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005), cert. denied, 126 S. Ct. 320 (2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); United States v. Kennedy, 2004 WL 2403806, at *1 (N.D. Ill. 2004); United States v. Schaffer,

2002 WL 31748619, at *1 (N.D. Ill. 2002). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ill. 2005). In this case, Petitioner has not raised any claims related directly to the waiver or its negotiation. See Schaffer, 2002 WL 31748619, at *1.

Instead, Petitioner has argued that the Government breached the plea agreement and his counsel provided ineffective assistance. Petitioner bases both of his claims on his assertion that the Government failed to make a motion for a downward departure even though he provided substantial assistance.[1] Petitioner has also argued that this court should not find that he waived his right to file a Motion under § 2255 because "the ambiguities in his plea agreement entitle him to collaterally attack his sentence." This court concludes, however, that the written plea agreement in this case contains a clear waiver of Petitioner's right to file a collateral attack under 28 U.S.C. § 2255. Accordingly, this court concludes that Petitioner's claims are clearly barred by the waiver in the written plea agreement.

As noted, Petitioner has not raised any claims related to the negotiation of the waiver. Therefore, Petitioner's motion under § 2255 is barred by his waiver and must be dismissed. See Kennedy, 2004 WL 2403806, at *2; Schaffer, 2002 WL 31748619, at *1. This court notes that the Seventh Circuit recently stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005). Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion." See Roberts, 429 F.3d at 724.

---

[1] This court notes that there is no basis for any claim that the Government failed to comply with any of the terms of the written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed as barred by the waiver included in his written plea agreement.

(2) This case is terminated.

ENTERED this 23rd day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE